IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IFTIKHAR AHMED MEMON,

            Plaintiff,

v.

WESTERN TECHNICAL COLLEGE,

            Defendant.

OPINION and ORDER

14-cv-581-jdp

---

Plaintiff Iftikhar Ahmed Memon has brought this action alleging that defendant Western Technical College violated Title VII of the Civil Rights Act and the Age Discrimination in Employment Act by discriminating against him based on his race, age, sex, national origin, and religion when it refused to interview him for a position as associate dean of business. Currently before the court are defendant's motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) and motion to lift the discovery stay put in place pending resolution of the motion to dismiss. After considering the parties' submissions, I will deny defendant's motion to dismiss. I will also deny the motion to lift the discovery stay as moot.

MOTION TO DISMISS

In its motion to dismiss, defendant argues that (1) the complaint fails to properly allege claims for relief; (2) plaintiff failed to exhaust his administrative remedies before filing this lawsuit; and (3) plaintiff's request for relief is not authorized by Title VII or the ADEA. I will address these arguments in turn.

1

1.     **Adequacy of complaint**

Defendant assumes, and plaintiff does not dispute, that plaintiff's claims rely on the "indirect method" of proving discrimination first set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To make out a *prima facie* case for such a claim, a plaintiff must show that: (1) he was a member of the protected class; (2) he was qualified for the position; (3) he was rejected for the position; and (4) the position was given to an individual outside the protected class who was similarly situated or less qualified than he was. *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010). Defendant argues that plaintiff fails to state a claim upon which relief may be granted because the complaint does not explain whether he was qualified for the associate dean position or whether defendant filled the position with someone younger or of a different sex, religion, national origin, or race.

In support of its argument, defendant cites to a recent decision by this court stating that "'it is not enough to identify the discriminatory act and the characteristic that prompted the discrimination.'" Dkt. 6, at 2 (quoting *Riley v. Vilsack*, 665 F.Supp.2d 994, 1004 (W.D. Wis. 2009)). In *Riley*, this court concluded that United States Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), refined pleading standards for discrimination cases to require that a plaintiff "must include some allegations about each element [of a claim], or at least allegations from which a court can draw reasonable inferences about each of the elements." *Riley*, 665 F.Supp.2d at 1002.

However, defendant fails to take into account a more recent ruling by the Court of Appeals for the Seventh Circuit concluding that *Twombly* and *Iqbal* did not change pleading standards as much as the *Riley* decision assumed:

> Furthermore, the Supreme Court has made clear that the pleading standards in Title VII cases are different from the evidentiary burden a plaintiff must subsequently meet when using the method of indirect proof under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (explaining that "we have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings'") (internal quotations omitted) (brackets in original). "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Id.*
>
> While there is some unresolved tension between *Swierkiewicz* and the Court's later decisions in *Twombly* and *Iqbal*, we have "affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Id.* at 1085 (plaintiff sufficiently pled violation of Title VII where she alleged salary discrepancy and that "she ha[d] been subjected to adverse employment actions by Defendants on account of her gender"). Neither *Iqbal* nor *Twombly* overruled *Swierkiewicz*, and it is our duty to apply the Supreme Court's precedents unless and until the Supreme Court itself overrules them.

*Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). Because plaintiff's complaint alleges that he was not given an interview because of his race, age, sex, national origin, and religion, he has stated plausible Title VII and ADEA claims, so I will not dismiss the case based on the specificity of plaintiff's pleading.

### 2. Administrative exhaustion

Defendant next argues that plaintiff has failed to show that, before filing this lawsuit, he first filed a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged discrimination. Although it is true that Title VII and ADEA plaintiffs must file a charge within 300 days of the discretionary action, a plaintiff's failure to exhaust this administrative remedy is an affirmative defense that is defendant's burden to prove. *Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007). Plaintiff's failure to plead that he complied with this rule is not dispositive, and his complaint does not contain facts pleading himself out on this issue. Even if I expanded the motion to dismiss to consider other evidence, plaintiff has now submitted a copy of his charge indicating that he filed his charge on June 20, 2014, for events occurring in March or April 2014. Dkt. 8-3. Defendant does not provide any evidence rebutting that submission. Accordingly, I will deny defendant's motion to dismiss based on this argument.

### 3. Request for relief

Finally, defendant argues that the case should be dismissed because plaintiff has failed to "provide . . . a clear demand for the relief sought." Dkt. 6, at 3 (citing Fed. R. Civ. P. 8(a)). Defendant takes issue with plaintiff's request for "exactly $350,000" because he does not provide any "specific or factual allegations that support this amount other than conclusory statements of job discrimination and stress." *Id*. I conclude that plaintiff's request does not rule afoul of Rule 8(a)(3), which simply requires "a demand for the relief sought." Plaintiff is not required to show how he arrived at this number. *See e.g.*, *Eggmann v. Myers*, 2009 WL 1098677, at *4 (S.D. Ill. Apr. 23, 2009) ("Plaintiff need not plead how he arrived at the

4

calculation of damages, it is enough under the rule that he has made a 'demand for the relief sought.'"); *Williams v. Sabin*, 884 F. Supp. 294, 296 (N.D. Ill. 1995) ("Rule 8 . . . does not require that a plaintiff plead damages with particularity.").

Defendant also argues that plaintiff's requests for injunctive relief are not authorized by Title VII or the ADEA. Plaintiff requests the resignation of high-level administrators and that he be named interim president of Western Technical College. Although this court may order "appropriate" equitable relief in Title VII and ADEA actions, 29 U.S.C. § 626 and 42 U.S.C. § 2000e-5(g), plaintiff's requests are quite clearly beyond the scope of plausible relief for his claims. However, this is a relatively minor defect given plaintiff's pro se status and does not merit immediate dismissal given that he has made an appropriate request for damages.

## MOTION TO LIFT STAY

Defendant has filed a motion to lift the discovery stay that was put in place at the preliminary pretrial conference pending resolution of the motion to dismiss. It is not readily apparent from the pretrial conference order itself, Dkt. 10, that a stay was formally entered, but in any event I will deny the motion as moot. Now that I have denied the motion to dismiss, the parties are free to conduct discovery.

## ORDER

IT IS ORDERED that:

1. Defendant Western Technical College's motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), Dkt. 5, is DENIED.

5

2.     Defendant's motion to lift the discovery stay, Dkt. 11, is denied as moot.

Entered May 11, 2015.

>                        BY THE COURT:
>
>                        /s/
>                        JAMES D. PETERSON
>                        District Judge